IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,587-02






EX PARTE BRENT RAY BREWER








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 6997-A IN THE 47TH DISTRICT COURT


RANDALL COUNTY






 Per Curiam. 



O R D E R



 This case is before us because an application for writ of habeas corpus has not
been filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071, and because applicant has filed a motion to determine the correct filing date for
the application. (1)

 Article 11.071 § 4 provides that a writ application is due to be filed in the
convicting court not later than the 180th day after the date the court appoints counsel or
not later than the 45th day after the date the State's brief is filed on direct appeal
whichever date is later. In Ex parte Reynoso, 257 S.W.3d 715, 720 (Tex. Crim. App.
2008), this Court explained that the 180-day deadline runs from the latest date the court
could have or should have appointed counsel (that is, within 30 days after the court
determines whether the applicant is indigent and desires the appointment of counsel,
which findings should be made "immediately after judgment is entered" in the case). 

 Counsel Richard L. Wardroup was appointed on September 10, 2009. Because the
Office of Capital Writs was not yet running at that time, counsel should have been
appointed from the list maintained by this Court. Looking at the timing provided in the
statute, 180 days from September 10, 2009, would have been March 9, 2010. However,
the State's brief on direct appeal was not filed until September 12, 2011, making 45 days
from that date (October 27, 2011) the later, and therefore, proper due date for filing the
application. Unfortunately, Wardroup was not on the approved list at the time of the
appointment, therefore he was not properly appointed. Further, this Court did not receive
the required notice of the appointment until many months later. Therefore, it could not
timely fix the oversight. To still further complicate the matter, the original trial judge on
the case died during this period of time. 

 When the new judge assigned to the case received notice from this Court that
another appointment was needed, he did not immediately take action. In fact, it was not
until October 2011, when Wardroup brought the case to the attention of the court, that the
court finally took action and again appointed Wardroup (who was now on the approved
list) to represent applicant. The re-appointment was made on October 11, 2011.

 But contrary to Wardroup's argument in the motion currently before the Court, this
appointment did not generate a new 180-day deadline. Under the statute, as explained in
Ex parte Reynoso, 257 S.W.3d at 720, the 45-day deadline still provided the later
deadline. Thus, applicant's writ application was due to be filed in the trial court on or
before October 27, 2011. (2) Because it was not, it is now untimely. 

 However, given these facts and the peculiar circumstances of this case, this Court
finds that good cause has been shown under Article 11.071 § 4A for counsel's failure to
timely file an application. The application shall be due in the trial court no later than 180
days after the date of this order. No further extensions shall be granted. Applicant's
motion to determine a correct filing date is granted to the extent it corresponds with the
relief set out in this order. 

 IT IS SO ORDERED THIS THE 20th DAY OF JANUARY, 2012.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.
2. Counsel timely filed a motion in the trial court for the statutorily allowed 90-day
extension. However, this extension was not granted before the applicable filing date as is
required by the statute; therefore, the order signed did not grant a valid extension.